UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARDO URBINA,

                Movant,

                                          File No. 1:13-cv-153

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

                Respondent.

_____/

## O P I N I O N

Pending before this Court is Movant Richardo Urbina's pro se motion under 28 U.S.C.
§ 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government
filed a response to this motion (ECF No. 15) and Movant's trial counsel filed an affidavit (ECF No.
12). Movant has not filed a reply. The Court has carefully considered the arguments presented, and
for the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order,
and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a
habeas petition as a "final order").

### I.

On May 22, 2007, Movant pled guilty to one count of possession with intent to distribute a
quantity of cocaine, a Schedule II controlled substance. Movant signed a plea agreement (No. 1:06-
cr-311, ECF No. 30), and on September 26, 2007, this Court sentenced Movant to 36 months'
imprisonment, followed by three years' supervised release. Movant was released from prison and
began his term of supervised release on October 2, 2009 (No. 1:06-cr-311, ECF No. 86).

On May 7, 2010, the Probation Department filed a petition alleging that Movant committed

four violations of the conditions of his supervised release: (1) on April 21, 2010, Movant committed an assault and battery against his daughter; (2) on April 21, 2010, Movant unlawfully prevented his daughter from contacting the police to report the assault; (3) on April 24, 2010, Movant again committed an assault and battery against his daughter; and (4) Movant failed to report to his Probation Officer on May 4, 2010, as directed. (No. 1:06-cr-311, ECF No. 86.)

On June 25, 2010, Movant appeared with counsel Charles Boekeloo at a supervised release violation hearing before this Court. Prior to his guilty plea on all four violations, the Court conducted a colloquy with Movant to ensure that he understood his rights, as well as the consequences of pleading guilty, and that the plea was voluntary. (No. 1:06-cr-311, Supervised Release Violation Hearing ("SRVH") Tr. at 3–5, ECF No. 101.) The Court explicitly asked Movant, "Are you satisfied with Mr. Boekeloo and his representations of you in this matter?" (*Id.* at 3.) Movant answered, "I am, Your Honor." (*Id.*) The Court also asked, "Has anyone threatened you or coerced you to get you to plead guilty?" to which Movant replied, "No, Your Honor." (*Id*. at 4.) The Court found a sufficient factual basis for all four Counts based upon the testimony of Movant. (*Id.* at 16, 29, 34.) The Court sentenced Movant to twelve months' imprisonment, followed by three years' supervised release. (No. 1:06-cr-311, ECF No. 99.) As a special condition of supervision, the Court imposed that "the defendant shall not live with or have any contact with his family for the first year of supervised release." (*Id.*)

On July 9, 2010, Movant appealed from the judgment of revocation. (No. 1:06-cr-311, ECF No. 100.) The Sixth Circuit issued an order vacating and remanding the case to this Court for the purpose of amending the special condition restricting contact with family members. (No. 1:06-cr-311, ECF No. 105; No. 10-1902 (6th Cir. Nov. 18, 2010).) This Court issued an amended judgment

2

for revocation on December 2, 2010 in conformity with the remand order. (No. 1:06-cr-311, ECF No. 106.)

On November 4, 2010, while his initial appeal was pending, Movant filed with this Court a pro se motion to dismiss counsel, claiming that his counsel's performance during the supervised release violation hearing was constitutionally deficient. (No. 1:06-cr-311, ECF No. 103.) Movant also requested to withdraw his plea and an appointment of new counsel. (*Id.*) This Court denied the motion for lack of jurisdiction. (No. 1:06-cr-311, ECF No. 104.) Movant did not appeal from that order.

On December 9, 2010, Movant filed a pro se motion to dismiss counsel, to withdraw his guilty plea, and for leave to file a new appeal. (No. 1:06-cr-311, ECF No. 107.) This Court issued an order denying the motions to withdraw his plea and dismiss counsel, and recognizing Movant's request for leave as a notice of appeal. (No. 1:06-cr-311, ECF No. 108.) On February 16, 2012, the Sixth Circuit affirmed this Court's denial of Movant's motion to withdraw his plea, holding that Movant waived the argument by failing to raise it in his first appeal. (No. 1:06-cr-311, ECF No. 112; No. 11-1026 (6th Cir. Feb. 16, 2012).)

Movant filed his timely motion for habeas relief on February 12, 2013. Movant raises four grounds for relief, all couched as ineffective assistance of counsel: (1) counsel failed to inform this Court that Movant was threatened into pleading guilty; (2) counsel failed to inform Movant of the consequences of a guilty plea; (3) counsel failed to advise Movant of his right to remain silent and asked him incriminating questions; (4) Counsel attacked Movant's character and embarrassed him during sentencing. (ECF No. 1.) The government filed a response to the motion on August 29, 2014.

## II.

### A.    Motion Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly

4

available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

5

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

6

**B.**     **Ineffective Assistance of Counsel**

Movant argues that his counsel was constitutionally deficient during his supervised release violation hearing because counsel failed to inform this Court that Movant was threatened into pleading guilty; counsel failed to inform Movant of the consequences of a guilty plea; counsel failed to advise Movant of his right to remain silent and asked him incriminating questions; and counsel attacked Movant's character and embarrassed him during sentencing. (ECF No. 1.)  Movant has not supplemented his petition with evidence in support of his allegations other than with the transcript of his supervised release hearing.

Movant has no constitutional right to counsel, much less a constitutional right to the effective assistance of counsel, at a supervised release hearing. *United States v. Lester*, 76 F.3d 380, 1996 WL 28970, at *3 (6th Cir. Jan 24, 1996) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir. 1994)). Non-constitutional errors are generally unreviewable under § 2255. *Cofield*, 233 F.3d at 407.  Movant's entitlement to representation by counsel at a supervised release hearing derives from statute, not from the constitution. 18 U.S.C. §§ 3006A(a)(1)(C), (E); Fed. R. Crim. P. 32.1(b). Although petitioner may successfully demonstrate a non-constitutional error that amounts to a violation of due process, Movant has not done so in this case. *Watson*, 165 F.3d at 488.

In his first ground for relief, Movant argues that he was threatened into pleading guilty because the Assistant United States Attorney told him that if he did not plead guilty, his father and daughter would be arrested. (Pet. at 5, 7.)  Mr. Boekeloo, Movant's counsel, stated in his affidavit that he informed Movant that potentially perjurious testimony by him or his family members "would likely not be ignored by the Government." (Boekeloo Aff. at ¶ 1, ECF No. 12.) At Movant's hearing,

the government noted that it was prepared to prove that Movant convinced his daughter to sign false affidavits and Movant had written letters and made recorded phone calls to his father and daughter directing them to prepare false affidavits. (SRVH Tr. at 38–41.) Movant has not identified any further facts to support his claim that he was threatened into pleading guilty, nor that Mr. Boekeloo's performance fell below an objective standard of reasonableness by failing to inform the Court of some "threat" that Movant perceived.

Movant's next three grounds for relief each fail because he cannot satisfy the second prong of *Strickland*. Movant has made no showing, or even a claim, that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Movant admitted that he committed all the supervised release violations by expressing a desire to plead guilty, entering a plea of guilty, and describing the factual basis for each violation. *See United States v. Atwell*, 134 F.3d 372, 1998 WL 45489, at *2 (6th Cir. Jan 27, 1998); *Caldwell v. United States*, (E.D. Mich. June 19, 2012). Movant does not even allege that he would have not pled guilty, but for Mr. Boekelee's alleged ineffective assistance.

In his second ground for relief, Movant argues that his counsel did not properly advise him "of the possibility of committing perjury if he changed his plea." (Pet. at 5.) His petition does not provide any further details about what testimony was perjurious or how his testimony formed the basis of a perjury charge. Mr. Boekeloo states that Movant was informed of the possibility of charges for his prior testimony in a state court hearing, but "Movant expressed that he was not concerned about that possibility." (Aff. at ¶ 3.) Movant was provided adequate notice at the hearing of his right against self-incrimination. (SRVH Tr. at 4.) Movant has not claimed that he would not have pled guilty, but for Mr. Boekeloo's alleged failure to inform him that he might face perjury charges.

8

In his third ground for relief, Movant argues that counsel was ineffective because he failed to inform Movant that he had a right to remain silent and asked incriminating questions of him. Mr. Boekeloo states that he "repeatedly informed the Movant of his right to remain silent prior to Movant's decision to plead guilty to the Supervised Release violations." (Aff. at ¶ 5.) Moreover, the Court reminded Movant that he could not be called as a witness against himself. (SRVH Tr. at 4.) The transcript of the hearing shows that Mr. Boekeloo's questions were designed to clarify the factual basis for Movant's guilty plea. Movant cannot show that the result of the proceeding would have been different but for Mr. Boekeloo's questions because Movant himself pled guilty and admitted to the charges against him.

In his final ground for relief, Movant argues that his counsel was ineffective because he attacked Movant's character and embarrassed him during sentencing. Movant does not explain how Mr. Boekeloo attacked his character or embarrassed him. In his statements during the sentencing phase of the hearing, Mr. Boekeloo noted various factors for the Court to consider in fashioning an appropriate sentence, including Movant's family history and relationships. Mr. Boekeloo states in his affidavit that his client preferred incarceration to extended Supervised Release. (Aff. at ¶ 6.) Mr. Boekeloo's comments were designed to provide context and information to support this preference. Movant has not shown how his counsel's arguments caused him prejudice. Movant has presented no evidence that the Court imposed a harsher sentence upon him because of Mr. Boekeloo's comments.

### III.

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also

9

determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

**IV.**

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.

Dated: <u>December 18, 2014</u>                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE